UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

VICTORIA L. HAMPTON,           )
                                                  )
                    Plaintiff,           )
                                                  )
                        v.                 )       No. 1:16-cv-02842-JMS-DML
                                                  )
SCOTT'S FINISHING TOUCH, INC.,     )
                                                  )
                   Defendant.        )

## ORDER

      This matter is before the Court on Defendant Scott's Finishing Touch, Inc.'s ("Scott's") Motion for Summary Judgment. [Filing No. 34.] Plaintiff Victoria Hampton, proceeding pro se,[1] brought this negligence action alleging that Scott's mistakenly used a product called Wheel Magic, which contained lye, to clean the inside of her vehicle. [Filing No. 10.] Ms. Hampton alleges that her exposure to Wheel Magic caused her permanent respiratory injury. [Filing No. 10 at 4.] Scott's seeks summary judgment on Ms. Hampton's Amended Complaint, arguing that Ms. Hampton failed to file her lawsuit within the applicable statute of limitations. [Filing No. 34.] For the following reasons, the Court **GRANTS** Scott's Motion.

## I.
### LEGAL STANDARD

      A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support

---

[1] As discussed below, while Ms. Hampton is currently proceeding pro se, the case was initiated by counsel who later sought leave and was permitted to withdraw. [Filing No. 24; Filing No. 25.]

the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not suffice to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on

summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson*, 325 F.3d at 898. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

## II.
### BACKGROUND

The following factual background is set forth pursuant to the standards detailed above. The facts stated are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to "the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

### A.  Ms. Hampton's Reaction & Doctor's Visit

Ms. Hampton's lawsuit arises out of an October 2014 appointment with Scott's to have her car detailed. [Filing No. 35-3 at 6.] Following the appointment, on October 21, 2014, Ms. Hampton visited MedCheck Castleton, complaining that "last week she had her[] car[] detailed [and] experienced allergic response on the ride home." [Filing No. 35-3 at 6.] Also on October 21, 2014, Linda Woods, RT, noted that Ms. Hampton had an "[a]llergic reaction to car being detailed," which "[h]appened one week ago." [Filing No. 35-3 at 7.]

### B. Procedural History

On October 19, 2016, Ms. Hampton, then represented by counsel, filed her Complaint against Scott's.[2] [Filing No. 1.] On October 28, 2016, Ms. Hampton filed her currently-operative Amended Complaint, alleging that Scott's used Wheel Magic, a cleaner made for exterior use only, on the inside of her car. [Filing No. 10.] Ms. Hampton alleges that her exposure to Wheel Magic caused permanent respiratory injury. [Filing No. 10 at 4.]

On March 2, 2017, Ms. Hampton's counsel moved to withdraw, citing "[i]rreconcilable differences." [Filing No. 24 at 1.] On March 29, 2017, the Court granted Ms. Hampton's counsel's motion to withdraw, [Filing No. 25], leaving Ms. Hampton to proceed pro se.

On May 9, 2017, the assigned Magistrate Judge held a telephonic status conference. [Filing No. 29.] Ms. Hampton, though notified of the status conference, [*see* Filing No. 28 at 1], failed to appear. [Filing No. 29.] The Magistrate Judge ordered Ms. Hampton to show cause, within fourteen days "in a filed writing, why she should not be sanctioned for her failure to participate in the status conference," and noted that Ms. Hampton failed to comply with the "deadline for filing witness and exhibit lists." [Filing No. 29 at 1.] The Magistrate Judge further advised Ms. Hampton that "failure to show cause will likely result in a recommendation to the district judge that this case be dismissed for failure to prosecute and for failure to comply with court orders." [Filing No. 29 at 1 (emphasis omitted).]

Ms. Hampton failed to respond to the Court's Order to Show Cause within the allotted time and, on June 29, 2017, the Magistrate Judge recommended that the Court dismiss the case with

---

[2] In its opening brief, Scott's asserts that Ms. Hampton's Complaint was filed on October 20, 2016. [Filing No. 36 at 3.] The Court's docketing system, however, shows that her Complaint was filed on October 19, 2016, [*see* Filing No. 1], and Scott's corrected this misstatement in its reply brief, [*see* Filing No. 44 at 2].

prejudice for Ms. Hampton's noncompliance with Court orders and deadlines. [Filing No. 30.] On July 24, 2017, the Court received a letter from Ms. Hampton explaining that she missed various deadlines due to unrelated medical issues. [Filing No. 31.] On August 10, 2017, the Court sustained Ms. Hampton's objection to the June 29, 2017 recommendation of dismissal, explaining that the "medical records Ms. Hampton submitted support the potential of serious illness." [Filing No. 32 at 2.] The Court noted, however, that "the magistrate judge's ruling was perfectly proper based on the state of the record before her" and "emphasized . . . that . . . Ms. Hampton is expected to comply with the rules of procedure, the case management plan, and the deadlines established therein." [Filing No. 32 at 2.] Finally, the Court requested that the Magistrate Judge hold a status conference to "ensure that Ms. Hampton is fully compliant with all previously established deadlines." [Filing No. 32 at 2.]

On August 22, 2017, Scott's filed its Motion for Summary Judgment. [Filing No. 34.] The same day, Scott's also filed and served a Notice Regarding Right to Respond to and Submit Evidence in Opposition to Motion for Summary Judgment, [Filing No. 37], as required by Local Rule 56-1(k). In part, the Notice advised Ms. Hampton that Scott's factual assertions "will be accepted by the court as being true unless you submit your own affidavits or other admissible evidence disputing those facts." [Filing No. 37 at 1.] On September 5, 2017, the Magistrate Judge held a status conference and "emphasized . . . to the plaintiff her obligations in connection with the pending motion for summary judgment." [Filing No. 38 at 1.]

Ms. Hampton did not file a formal response to Scott's Motion. However, on September 21, 2017, [Filing No. 39; Filing No. 40; Filing No. 41], and on October 2, 2017, [Filing No. 42], Ms. Hampton filed various documents with the Court, ostensibly in response to Scott's Motion. Ms. Hampton has not presented any evidence to authenticate any of her submissions, and they are

therefore inadmissible. *See, e.g.*, *Szymankiewicz v. Doying*, 187 F. App'x 618, 622 (7th Cir. 2006) ("To be admissible, documents must be authenticated by an affiant through whom the exhibits could be admitted into evidence."); *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) ("[A] court may consider only admissible evidence in assessing a motion for summary judgment."); Fed. R. Civ. P. 56 advisory committee's note (2010 Amendment) ("The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.").

On October 4, 2017, Scott's filed its Reply, [Filing No. 43], and on October 5, 2017, Scott's filed its Amended Reply, [Filing No. 44]. The time for Ms. Hampton to file a surreply has expired, *see* S.D. Ind. L.R. 56-1(d), and Scott's Motion is now ripe for the Court's review.

### III.
### DISCUSSION

Scott's argues that it is entitled to judgment as a matter of law because Ms. Hampton failed to file her Complaint within the applicable statute of limitations.[3] Ms. Hampton did not file a formal response, but instead filed various inadmissible documents that do not pertain to Scott's statute of limitations defense.

A statute of limitations sets a time limit for a plaintiff to file her complaint. *E.g.*, *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2182 (2014). A court must grant summary judgment based on a statute of limitations defense where "(1) the statute of limitations has run, thereby barring the plaintiff's claim as a matter of law, and (2) there exist no genuine issues of material fact regarding the time at which plaintiff's claim has accrued and the application of the statute to plaintiff's claim

---

[3] Scott's also argues that Wheel Magic could not have been the product used because it did not have a use in commerce at the time of Ms. Hampton's appointment, but because the Court finds the statute of limitations issue dispositive, it need not address this additional argument.

which may be resolved in plaintiff's favor." *Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002) (internal quotation omitted). To determine whether these elements are met in a diversity case such as this one, a court must look to the "statute of limitations that the state in which it is sitting would use." *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 707 (7th Cir. 2004). Here, because the events giving rise to Ms. Hampton's claim all occurred in Indiana, the Court must apply Indiana's statute of limitations.

Indiana Code section 34-11-2-4 explains that a lawsuit for "injury to person . . . must be commenced within two (2) years after the cause of action accrues." Ind. Code § 34-11-2-4(a). "Under Indiana's discovery rule, a cause of action accrues, and the limitation period begins to run, when a claimant knows or in the exercise of ordinary diligence should have known of the injury." *Cooper Indus., LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009). Moreover, for the limitations period to begin, "it is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred." *Id.*

To determine when the statute of limitations began to run in Ms. Hampton's case, the Court must determine when Ms. Hampton knew or should have known that "some ascertainable damage" had occurred. *Id.* As Ms. Hampton's uncontradicted medical records show, on Tuesday, October 21, 2014, Ms. Hampton visited MedCheck Castleton and told two medical practitioners that she had experienced an allergic reaction after her car was detailed a week earlier. [Filing No. 35-3 at 6 (stating that Ms. Hampton experienced reaction after her car was detailed "last week"); Filing No. 35-3 at 7 (stating that Ms. Hampton's allergic reaction to car being detailed "[h]appened one week ago").] The medical records demonstrate that Ms. Hampton knew that she suffered a reaction to Scott's detailing chemicals sometime the week before October 21, 2014, which ran from October 12 to October 18, 2014.

Based on this record, there is no genuine dispute that Ms. Hampton's claim accrued on October 18, 2014, at the latest. Ms. Hampton did not file her Complaint until October 19, 2016, which is more than two years after Ms. Hampton's claim accrued. Accordingly, Ms. Hampton failed to file her Complaint within the two year statute of limitations provided in Indiana Code section 34-11-2-4(a), and summary judgment is required in Scott's favor.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Scott's Motion for Summary Judgment. [Filing No. 34.] Final Judgment will issue accordingly.

Date: 11/13/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution:**

VICTORIA L. HAMPTON
1619 SW Albatross Way
Palm City, FL 34990

Edward R. Hannon
STEUERWALD HANNON & WITHAM LLP
ehannon@shwlawyers.com

Graham Youngs
STEUERWALD HANNON & WITHAM LLP
gyoungs@shwlawyers.com